IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WILLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| SMITHFIELD PACKAGED MEATS CORP., | ) | |
| a Delaware corporation, f/k/a John Morrell | ) | |
| & Co., a Delaware Corporation, Individually and | ) | |
| by and through its agents, servants and employees, | ) | JURY DEMANDED |
| Defendant, SMITHFIELD FOODS, INC.; and | ) | |
| SMITHFIELD FOODS, INC., a Delaware | ) | |
| Corporation, individually and by and | ) | |
| through its agents, servants, and/or employees, | ) | |
| and/or employees and unknown security officer(s) | ) | |
| and ANY AND ALL UNKNOWN OWNERS | ) | |
| and NON-RECORD CLAIMANTS. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT WILLISON, individually, by and through his attorney, James A. Karamanis of Barney & Karamanis, LLP, and complaining against the Defendants, SMITHFIELD PACKAGED MEATS CORP., a Delaware corporation, f/k/a John Morrell & Co., a Delaware Corporation, Individually and by and through its agents and employees, including but not limited to Defendant, SMITHFIELD FOODS, INC.; and SMITHFIELD FOODS, INC., a Delaware corporation, individually and by and through its agents, servants, and/or employees, unknown security officer(s), and ANY AND ALL UNKNOWN OWNERS and NON-RECORD CLAIMANTS, and, against each of them, states as follows:

**JURISDICTION**

1. Jurisdiction is this case arises out of 28 U.S.C. §1332, based on diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeding $75,000.00.

**FACTS COMMON TO ALL COUNTS**

2. At all times relevant herein, Plaintiff, Robert Willison, was and is a resident of the Village of Tinley Park, County of Cook, and State of Illinois.

3. Plaintiff's treatment for the injuries referenced herein was performed in Illinois.

4. At all times relevant herein, Plaintiff, Robert Willison, was a manager of AMERICAN PRIDE TRANSPORTATION, LLC, an Illinois limited liability corporation, (hereinafter referred to as "AMERICAN PRIDE").

5. Plaintiff primarily does business out of the State of Illinois.

6. At all times relevant herein, a company known as Prime Express hired Plaintiff, Robert Willison, to haul loads for them in the Freightliner truck/tractor-trailer owned and operated by Mr. Willison and AMERICAN PRIDE.

7. At all times relevant herein, Defendant, SMITHFIELD PACKAGED MEATS CORP., f/k/a John Morrell & Co., was and is a Delaware corporation, (hereinafter referred to as "SMITHFIELD PACKAGED MEATS").

8. Defendant, SMITHFIELD PACKAGED MEATS maintains a principal place of business in Smithfield, Virginia.

9. That Defendant, SMITHFIELD PACKAGED MEATS, is a Delaware corporation.

10. At all times relevant herein, Defendant, SMITHFIELD FOODS, INC. (hereinafter "SMITHFIELD FOODS") was and is a Delaware corporation.

11. At all times relevant herein, Defendant, SMITHFIELD FOODS, was an agent, servant and/or employee of Defendant, SMITHFIELD PACKAGED MEATS.

12. Defendant, SMITHFIELD FOODS, maintains its principal place of business in Smithfield Virginia.

13. Defendant, SMITHFIELD FOODS, maintains pork processing facility in Sioux, Falls, South Dakota.

14. On information and belief and at all times relevant herein, SMITHFIELD FOODS, was responsible for the employment of security guards at their Sioux Falls, South Dakota facility, located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

15. On December 20, 2017, and for a long time prior thereto, Defendant, SMITHFIELD PACKAGED MEATS, owned, operated, maintained, possessed, and controlled the premises currently known as Smithfield Foods located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

16. On December 20, 2017, Robert Willison, was the owner/operator of a Freightliner truck and was picking up the meat loads at Defendant, SMITHFIELD FOODS Packaging at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

17. At all times relevant herein, Defendant SMITHFIELD FOODS was responsible for providing security officers to its facility located at its meat processing facility located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

18. At all times relevant herein, Defendant SMITHFIELD FOODS was responsible for providing security and/or security officers at the above-named processing facility.

19. At all times relevant herein and upon information and belief, Defendant,

3

20. SMITHFIELD PACKAGED MEATS owned, and was responsible for its maintenance and upkeep the property located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

21. At all times relevant herein and upon information and belief, Defendant,

22. SMITHFIELD FOODS, was responsible for its maintenance, upkeep, and security.

23. At all times relevant herein, there was an unknown security officer employed by Defendant, SMITHFIELD FOODS, INC., who was assigned the task of directing the truck owners/operators onto the scale.

24. At all times relevant herein, the aforesaid unknown security officer was acting in the scope of his employment with Defendant, SMITHFIELD FOODS, INC.

25. At all times relevant herein, the aforesaid unknown security officer was acting as an agent of the Defendant, SMITHFIELD FOODS, INC.

26. At all times relevant herein, the unknown security officer of the Defendant, SMITHFIELD FOODS, as agent of Defendant, SMITHFIELD PACKAGED MEATS, by and through their agents, were responsible for the safety of those individuals lawfully on the property at the Defendants' weighing station located at 1400 N. Weber Avenue, Sioux Falls, South Dakota, including Plaintiff.

27. At all times relevant herein, Defendants, and each of them, individually and by and through their agents and employees, including unknown security officer(s), were responsible for the safety of those individuals lawfully on the property at the Defendants' weighing station located at 1400 N. Weber Avenue, Sioux Falls, South Dakota, including Plaintiff.

28. At all times relevant herein at the Sioux Falls, South Dakota, facility referenced herein of the Defendants, there existed a certain weighing station (hereinafter referred to as the "scale"), upon which an unknown security guard instructed Plaintiff to put his trailer onto as "his [Plaintiff's] paperwork was ready".

29. At all times relevant herein, when Plaintiff, Robert Willison, stepped down from his truck, he slipped and fell on a dangerous, snow covered defect in the concrete pavement of Defendants' weighing station located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

30. On December 20, 2017, Plaintiff fell on a dangerous concealed defect in the concrete pavement of Defendants' weighing station and became severely injured.

## COUNT I

### (Negligence – Smithfield Packaged Meats Corp.)

31. Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as and for Paragraph 31 of this Count I as if fully set forth herein.

32. On or about December 20, 2017, Defendant Smithfield Packaged Meats owned, controlled, maintained and possessed the property located at 1400 N. Weber Avenue, Sioux Falls, South Dakota, on which the scale is located.

33. At said time and place, the scale was designed for use by trucks and tractor-trailers and their owners/operators, including Plaintiff.

34. At said time and place, and for a long time prior thereto, Defendant Smithfield Packaged Meats held out that the aforesaid scale was safe for lawful use by the Plaintiff and individuals who were truck and tractor trailer drivers/ personnel, or otherwise lawfully on the premises weighing station located at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

35. On or about December 20, 2017, and for a long time prior thereto, Defendant Smithfield Packaged Meats failed to exercise ordinary care in keeping and maintaining said Scale in a reasonable and safe condition for use by those individuals lawfully on the premises, including Plaintiff, at the 1400 N. Weber Avenue, Sioux Falls, South Dakota.

36. On or about December 20, 2017, and for a long time prior thereto, Defendant Smithfield Packaged Meats failed to ensure that the Scale was free of ice and snow which would pose a danger to individuals lawfully on the premises at the 1400 N. Weber Avenue, Sioux Falls, South Dakota.

37. At said time and place, and for a long time prior thereto, said Scale was in a neglected and hazardous condition.

38. On or about December 20, 2017, Plaintiff, ROBERT WILLISON, was an owner/operator of a semi-truck/trailer on the Scale, acting on instructions given to him by Defendant(s) to proceed onto the Scale in order to pick up a delivery.

39. At the aforesaid place and time, Plaintiff fell due to the icy, slippery, concealed defect in the concrete surface of the scale and untended dangerous condition of the Scale.

40. At the aforesaid time and place, the Defendant, Smithfield Packaged Meats individually and by and through its agents, servants and employees, was then and there guilty of one or more of the following wrongful acts or omissions:

(a) Directed Plaintiff to proceed to use the scale when it knew or should have known that it was in an icy and hazardous condition and posed a threat of injury to anyone walking upon the concealed concrete of the scale, including Plaintiff;

(b) Carelessly and negligently maintained, kept and controlled said scale, so that as a direct and proximate result thereof, Plaintiff was injured;

(c) Carelessly and negligently permitted and allowed said scale to be and remain in a neglected and hazardous condition;

(d) Carelessly and negligently permitted and allowed said scale to be and remain in a neglected and icy condition for use by those individuals walking upon or along said Scale, although Defendant knew, or in the exercise of ordinary care reasonably should have known, of this condition;

(e) Carelessly and negligently failed to inspect and remedy or otherwise place in a good and safe condition the said scale, although Defendant knew, or in the exercise or ordinary care ought to have known, that such failure was likely to result in injury to individuals, including Plaintiff, walking upon or along said scale;

(f) Carelessly and negligently failed to warn the public, including Plaintiff of the dangerous and defective condition of said scale, although the Defendant knew, or in the exercise of ordinary care reasonably should have known, that such warning was reasonably necessary to prevent injury to members of the public and/or delivery personnel, including Plaintiff, walking on or using said scale;

(g) Carelessly and negligently failed to place barriers, guards and/or signs surrounding the area around the defective scale in order to prevent the Plaintiff and all other members of the public from using said area;

(h) Carelessly and negligently failed to place barriers, guards and/or signs surrounding the area around the defective and icy scale in order to prevent the Plaintiff and all other pedestrians and members of the public from using said area;

(i) Was otherwise careless and negligent.

41. As a direct and proximate result of one or more of the aforesaid wrongful acts of Defendant, Smithfield Packaged Meats, Plaintiff Robert Willison was severely injured, both internally and externally, contusions and lacerations to his body, as well as other injuries; and he became sick and disabled and suffered; and will in the future suffer great pain and discomfort and physical impairment, all of which injuries are permanent; and he has lost and will in the future lose other great gains which he would have made and acquired; and he has been and will

be kept from attending to his ordinary affairs and duties, and has become liable for great sums of money for the cost of medical care and attention.

WHEREFORE Plaintiff, ROBERT WILLISON, by and through his attorney, James A. Karamanis of Barney & Karamanis, LLP, prays that this Honorable Court enter judgment in his favor and against the Defendant, SMITHFIELD PACKAGED MEATS CORP., in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS and for such other relief for Plaintiff as this Court deems just and equitable.

## COUNT II

**(Negligence – SMITHFIELD FOODS, INC., individually and by and through its agents, servants and/or employees)**

42. Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as and for Paragraph 42 of this Count II as if fully set forth herein.

43. On or about December 20, 2017, Defendant, Smithfield Foods, Inc. was in the business of providing Security Officers to instruct the semi-tractor/trailer owner/operators using the scales located on the property at 1400 N. Weber Avenue, Sioux Falls, South Dakota.

44. On or about December 20, 2017, Defendant Smithfield Foods, Inc. was engaged to provide a security officer at the Scale as aforesaid.

45. At said time and place, the Scale was designed to be used by semi-tractor trailer owners and operators.

46. At said time and place, and for a long time prior thereto, Defendant Smithfield Foods, Inc., as agent, servant and/or employee of the Smithfield Packaged Meats, held out that the aforesaid Scale was safe for lawful use by the Plaintiff and individuals who were pedestrians,

delivery personnel, or otherwise lawfully on the premises at the 1400 N. Weber Avenue, Sioux Falls, South Dakota.

47. On or about December 20, 2017, and for a long time prior thereto, Defendant Smithfield Foods, Inc. failed to exercise ordinary care in keeping and maintaining said Scale in a reasonable and safe condition for use by those individuals lawfully on the premises, including Plaintiff, at the 1400 N. Weber Avenue, Sioux Falls, South Dakota facility.

48. On or about December 20, 2017, and for a long time prior thereto, Defendant Smithfield Foods, Inc. failed to ensure that the Scale was free of ice and snow which would pose a danger to individuals lawfully using the scales located on the premises at the 1400 N. Weber Avenue, Sioux Falls, South Dakota.

49. At said time and place, and for a long time prior thereto, said Scale was in a neglected and hazardous condition.

50. On or about December 20, 2017, Plaintiff, ROBERT WILLISON, was an owner/operator of a semi-tractor/trailer utilizing the Scale, acting on instructions given to him by Smithfield Foods, Inc.'s agent, to proceed to use the Scale in order to pick up a delivery.

51. At the aforesaid place and time, Plaintiff fell due to the icy, slippery, concealed defect in the concrete surface of the scale and untended dangerous condition of the Scale.

52. At the aforesaid time and place, the Defendant, Smithfield Foods, Inc., individually and by and through its agents, servants and employees, was then and there guilty of one or more of the following wrongful acts or omissions:

    (a) Directed Plaintiff to proceed to use the scale when it knew or should have known that it was in an icy and hazardous condition and posed a threat of injury to anyone walking upon the concealed concrete of the scale, including Plaintiff;

(b) Carelessly and negligently maintained, kept and controlled said scale, so that as a direct and proximate result thereof, Plaintiff was injured;

(c) Carelessly and negligently permitted and allowed said scale to be and remain in a neglected and hazardous condition;

(d) Carelessly and negligently permitted and allowed said scale to be and remain in a neglected and icy condition for use by those individuals walking upon or along said Scale, although Defendant knew, or in the exercise of ordinary care reasonably should have known, of this condition;

(e) Carelessly and negligently failed to inspect and remedy or otherwise place in a good and safe condition the said scale, although Defendant knew, or in the exercise or ordinary care ought to have known, that such failure was likely to result in injury to individuals, including Plaintiff, walking upon or along said scale;

(f) Carelessly and negligently failed to warn the public, including Plaintiff of the dangerous and defective condition of said scale, although the Defendant knew, or in the exercise of ordinary care reasonably should have known, that such warning was reasonably necessary to prevent injury to members of the public and/or delivery personnel, including Plaintiff, walking on or using said scale;

(g) Carelessly and negligently failed to place barriers, guards and/or signs surrounding the area around the defective scale in order to prevent the Plaintiff and all other members of the public from using said area;

(h) Carelessly and negligently failed to place barriers, guards and/or signs surrounding the area around the defective and icy scale in order to prevent the Plaintiff and all other pedestrians and members of the public from using said area;

(i) Was otherwise careless and negligent.

53. That as a direct and proximate result of one or more of the aforesaid wrongful acts of Defendant, Smithfield Packaged Meats, Plaintiff was severely injured, both internally and externally, contusions and lacerations to his body, as well as other injuries; and he became sick and disabled and suffered; and will in the future suffer great pain and discomfort and physical impairment, all of which injuries are permanent; and he has lost and will in the future lose other great gains which he would have made and acquired; and he has been and will be kept from

attending to his ordinary affairs and duties, and has become liable for great sums of money for the cost of medical care and attention.

WHEREFORE Plaintiff, ROBERT WILLISON, by and through his attorney, James A. Karamanis of Barney & Karamanis, LLP, prays that this Honorable Court enter judgment in his favor and against the Defendant, SMITHFIELD FOODS, INC., a Delaware corporation, in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS and for such other relief for Plaintiff as this Court deems just and equitable.

          Respectfully submitted,

          **ROBERT WILLISON**

          By: /s/ James A. Karamanis
              One of his Attorneys

James A. Karamanis (ARDC #6203479)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, Illinois 60601
Tel.:   312/553-5300